UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HANRAHAN,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, USP-POLLOCK,<br><br>    Respondent. | No.  2:23-cv-00348 KJM DB<br><br><br>ORDER |

Petitioner is a federal inmate proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner seeks amendment of his sentence to account for good behavior credits earned while serving a state court sentence.  Presently before the court is respondent's motion to dismiss.  For the reasons set forth below, the undersigned will transfer this action to the Western District of Louisiana.

**BACKGROUND**

**I.      The Petition**

Petitioner seeks relief pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5G1.3(b) to retroactively adjust petitioner's federal sentence imposed in <u>United States v. Hanrahan</u>, No. 2:11-cr-0119-WBS (E.D. Cal.)[1] to run concurrently with his state sentence.  (ECF

---

[1] Petitioner pled guilty and was sentenced to 375 months in prison for conspiracy to Distribute and Possess with intent to distribute at least 500 grams of methamphetamine, at least 5 kilograms

1

No. 1 at 5.) Petitioner further explains that due to an error in the computation of his federal sentence he has not received good conduct credit earned while serving his sentence in a California state prison. (ECF No. 1-1 at 1.) Petitioner's judgment was amended on October 31, 2019, adjusting his sentence by 7 years, 5 months, and 17 days. (Id. at 1-2.) However, the amended judgment did not address petitioner's claim of entitlement to good conduct credit earned while in state prison. (Id. at 2.)

When petitioner was sentenced in United States v. Hanrahan, 2:11-cr-0119-WBS, the judgment specified that petitioner "be imprisoned in custody with BOP to serve remainder of sentence in both State and Federal cases with custody credits beginning from 11/12/2006." (Id. at 5.) However, the Bureau of Prisons ("BOP") has advised petitioner that it is unable to apply petitioner's state prison good conduct credits absent action by the sentencing court. (Id.)

## II. Procedural History

### A. State Proceedings

On August 27, 2004, petitioner was arrested by the Monterey County Sheriff's Department for possession of a controlled substance for sale, while armed with a firearm, and related conspiracy charges. (ECF No. 1 at 5.) Petitioner was released on bond on November 4, 2004. (Id.) Petitioner fled to Mexico before being re-arrested at the United States-Mexico border on November 12, 2006. (Id.) Petitioner was sentenced to a thirteen-year term in the Monterey County Superior Court on April 12, 2007. (Id.)

### B. Federal Criminal Proceedings

While serving his sentence in state prison, petitioner was indicted on several federal counts arising out of the same transaction as his state sentence. (Id.) Petitioner was removed to federal custody on August 19, 2011, to answer the charges. (Id. at 6-7.) Petitioner pled guilty to possession and distribution of methamphetamine, cocaine, and marijuana on April 15, 2013. (Id. at 7.) Petitioner was sentenced to a 375-month prison term on September 29, 2014. (Id.) The

---

of cocaine and marijuana in violation of 21 U.S.C. § 846. United States v. Hanrahan, 2:11-cr-0119 WBS (E.D. Cal.); Hanrahan v. Oddo, No. 2:19-cv-0641 TLN KJN P, 2021 WL 323323, at *1 (E.D. Cal. Feb. 1, 2021).

2

District Court ordered petitioner's federal sentence to run concurrently with his state sentence. (Id.) The Court further recommended that petitioner serve the remainder of both his state and federal sentences in the custody of the BOP. (Id.) The transcript stated that petitioner should receive prior custody credit starting on November 12, 2006. (Id.)

Monterey County relinquished custody of petitioner to federal authorities on July 23, 2015. At that time his projected release date for his state sentence was September 2, 2018. (Id.) On August 14, 2015, the BOP took primary custody of petitioner. (Id.) After petitioner was designated to a BOP institution, the BOP computed petitioner's federal sentence to begin on September 29, 2014, the day it was imposed. Thereafter, petitioner's sentence was reviewed for pre-sentence credits pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1972) and Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993). Petitioner was credited for time served from August 27, 2004 to November 3, 2004 and from November 12, 2006 to April 12, 2007. (Id.)

On January 17, 2017, petitioner filed a motion pursuant to 18 U.S.C. § 3582(c) requesting that the sentencing court reduce his sentence based on custody credits earned, but not applied by the BOP. (Id. at 8.) The government agreed that petitioner's 375-month federal sentence should be adjusted by a period of 7 years, 5 months, and 17 days to reflect the period of time from April 12, 2007, through September 28, 2014. (Id.) The government filed a motion to correct petitioner's sentence pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

In his response, petitioner noted his agreement with the calculation time, but argued that he should be credited for good conduct earned while serving his state sentence. (Id. at 9.) The government countered that granting the motion would "result in [Petitioner] receiving the correct sentence." (Id.)

On October 31, 2019, the District Court granted the government's motion and amended petitioner's sentence to "list the total overall sentence imposed as 286 months, 17 days." (Id.) The district court further stated, in granting the motion it "express[ed] no opinion as to [Petitioner's] arguments regarding his good time credits raised in his October 15, 2019 filing." (Id.) Petitioner requested amendment of the order to grant a U.S.S.G. § 5G1.3(b) adjustment so that the BOP could apply the good conduct credits. (Id.) A week later, the district court denied

3

1 petitioner's request as moot. (Id.) The court stated that the relief sought "was already granted by
2 the court's October 31, 2019[,] order granting the government's motion to correct [Petitioner's]
3 sentence," and deferred the request for adjustment of petitioner's good time credits to the BOP.
4 (Id.)

5 Petitioner later sought clarification of the sentence imposed. See United States v.
6 Hanrahan, 2:11-cr-0119 WBS, (E.D. Cal.) (ECF No. 385). He specifically sought clarification
7 regarding the matter of credits earned while in state custody. (Id.) The District Court denied the
8 motion stating that the October 31, 2019 Order and Amended Judgement "accurately reflect the
9 court's intentions in imposing the sentence and require no further clarification." United States v.
10 Hanrahan, 2:11-cr-0119 WBS, (E.D. Cal.) (ECF No. 395). Thereafter, petitioner appealed the
11 order denying his motion for clarification of his sentence. United States v. Hanrahan, 2:11-cr-
12 0119 WBS, (E.D. Cal.) (ECF No. 398). The Ninth Circuit affirmed the district court's order.
13 United States v. Hanrahan, 2:11-cr-0119 WBS, (E.D. Cal.) (ECF No. 401).

14         **C. Federal Habeas Proceedings**

15 In August 2017, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C.
16 § 2241 in the Middle District of Pennsylvania, where he was then incarcerated, requesting credit
17 for time served in state prison. (ECF No. 1 at 9.) The Middle District of Pennsylvania transferred
18 the action to this district (Hanrahan v. Oddo, 2:19-cv-0641 TLN (KJN) (E.D. Cal.)) stating,
19 "neither the judgment nor the sentencing transcript reference an adjustment pursuant to U.S.S.G.
20 § 5G1.3(b)" and only the sentencing court could clarify its intent regarding a § 5G1.3(b)
21 adjustment. (Id. at 9-10.)

22 After the matter was transferred to this district, the assigned Magistrate Judge
23 recommended that the petition be dismissed. Hanrahan v. Oddo, No. 2:19-cv-0641 TLN KJN P,
24 2021 WL 323323, at *3 (E.D. Cal. Feb. 1, 2021). The Magistrate Judge noted that after petitioner
25 filed the § 2241 petition, the government filed a motion to correct petitioner's sentencing in his
26 underlying criminal case (United States v. Hanrahan, 2:11-cr-0119 WBS), the motion was
27 granted, and petitioner's sentence was amended. Hanrahan, 2021 WL 323323 at *3. Thus, the
28 court found, the petition should be dismissed as moot. Hanrahan, 2021 WL 323323 at *3.

Thereafter, the District Court adopted the findings and recommendations and dismissed the petition.  Hanrahan v. Oddo, No. 2:19-cv-0641 TLN KJN, 2021 WL 1087558, at *1 (E.D. Cal. Mar. 22, 2021).

## MOTION TO DISMISS

### I.     Parties' Briefing

#### A.  Motion to Dismiss

Respondent argues that a petition filed pursuant to 28 U.S.C. § 2241 is inappropriate because petitioner has not established a jurisdictional basis.  (ECF No. 11 at 1.)  Respondent further claims this court does not have jurisdiction or authority to order the warden of USP-Pollock, where petitioner is presently housed, to grant the requested relief.  (Id.)  Respondent alleges that filing a petition via § 2241 "is a veiled unauthorized successive § 2255[2] motion to this court-of-conviction for supposed sentencing guideline error."  (Id.)

#### B.  Opposition

Petitioner argues that granting the motion to dismiss would "leave Petitioner with no means to remedy a clear error in the calculation of his sentence."  (ECF No. 16 at 2.)  Petitioner argues that this challenge is properly brought under § 2241, rather than § 2255, because he is challenging the computation of his sentence rather than the imposition of it.  Petitioner further claims that while § 2241 petitions are typically brought in the court of custody, the unique circumstances of this case require action by the court of conviction.  (Id.)  Petitioner also alleges that his entitlement to good time conduct has not previously been adjudicated in this Court because the District Court's ruling on the government's Rule 36 motion failed to address the claim raised in the instant petition.  (Id.)

### II.    Legal Standards

#### A.  Motions to Dismiss

The court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules") to a motion to dismiss a habeas petition brought

---

[2] The court notes that petitioner has not filed a motion to vacate, set aside, or correct the judgment in his underlying criminal case, United States v. Hanrahan, 2:11-cr-0119 WBS (E.D. Cal.).

under 28 U.S.C. § 2241. E.g., Battle v. Holbrook, No. 2:20-cv-01851 JAM JDP, 2021 WL 4132336, at *1 (E.D. Cal. Sept. 10, 2021); see Habeas Rules, Rule 1(b), ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). Under Habeas Rule 4, the court evaluates whether it "plainly appears" the petitioner is not entitled to relief and, if so, recommends dismissal of the petition. See Habeas Rules, Rule 4.

In ruling on a motion to dismiss, the court "accept[s] the factual allegations in the [petition] as true and construe[s] the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). Exhibits attached to a complaint are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

### B. Jurisdiction and Venue

28 U.S.C. § 2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing the general grant of habeas authority provided by the Constitution." Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (internal quotation and citation omitted). The court must assess its jurisdiction over a § 2241 petition "before proceeding to any other issue." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal court may not entertain an action over which it has no jurisdiction. Id. Motions contesting the legality of a federal conviction or sentence must be brought pursuant to 28 U.S.C. § 2255 in the sentencing court. Id. at 864; 28 U.S.C. § 2255(a). However, challenges to the manner, location, or conditions of sentence's execution must be pursuant to 28 U.S.C. § 2241 in the custodial court. Id. at 864.

Petitioner filed this action pursuant to § 2241. (ECF No. 1.) Petitioner states, and BOP records[3] confirm, that petitioner is presently housed at United States Penitentiary, Pollock ("USP-Pollock"). (ECF No. 16 at 6.) The judicial district encompassing USP-Pollock is the Western

---

[3] The BOP inmate locator system located at: https://www.bop.gov/inmateloc// reflects that plaintiff is presently housed at USP-Pollock. This court may take judicial notice of such information. See Louis v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records); Pacheco v. Diaz, No. 1:19-cv-0774 SAB (PC), 2019 WL 5073594, at *2 (E.D. Cal. Sept. 4, 2019) (court may take judicial notice of the California Department of Corrections and Rehabilitation's inmate locator system).

1  District of Louisiana.  While petitioner argues that the court of conviction must resolve the
2  alleged sentencing error, this court is without jurisdiction because a § 2241 petition must be filed
3  in the judicial district of the petitioner's custodian.  <u>Brown v. United States</u>, 610 F.2d 672, 677
4  (9th Cir. 1990); <u>see also</u> <u>United States v. Miller</u>, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for
5  credit against a sentence attacks the computation and execution of the sentence rather than the
6  sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of
7  confinement rather than in the sentencing court.").

**C.  Transfer**

Title 28 U.S.C. § 1631 governs the transfer of civil actions to cure jurisdictional defects, and is the proper statute the Court must utilize for lack of jurisdiction over a habeas petition.  See <u>Hernandez</u>, 204 F.3d at 865 n.6.  "Transfer is appropriate under § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice."  <u>Ivy v. Wrigley</u>, No. CV F 07-00801 LJO WMW HC, 2009 WL 381993 at *3 (E.D. Cal. Feb. 13, 2009) (citing <u>Cruz-Aguilera v. INS</u>, 245 F.3d 1070, 1074 (9th Cir. 2001)).

As set forth above, this court does not have jurisdiction, jurisdiction is proper in the Western District of Louisiana, and the undersigned finds that transfer is in the interest of justice because it will promote judicial efficiency.  Therefore, the undersigned will transfer this action to the Western District of Louisiana.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that this action is transferred to the Western District of Louisiana.

Dated: March 1, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/hanr0348.2241.mtd