a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT HANRAHAN #66447-097, Petitioner | CIVIL DOCKET NO. 1:24-CV-00323 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Robert Hanrahan ("Hanrahan"). Hanrahan is imprisoned at the United States Penitentiary in Pollock, Louisiana. Hanrahan seeks an amended judgment or an order directing the Bureau of Prisons ("BOP") to provide him with additional credit.

To determine the next course of action, Hanrahan must AMEND his Petition.

I. Background

Hanrahan was originally sentenced in the United States District Court for the Eastern District of California to a term of imprisonment of 375 months, to run concurrently with a term of imprisonment imposed in Monterey County Superior Case SS042368B. *United States v. Hanrahan*, No. 2:11-CR-0119 (E.D. Ca.), ECF Nos. 209, 210, 232. The sentencing court stated that Hanrahan "shall receive credits on this sentence since November the 12th, 2006." *Id.* at ECF No. 232 at 6.

Hanrahan filed a petition under § 2241 asserting that the BOP improperly calculated his sentence. *Hanrahan v. Oddo*, 1:17-CV-1495, 2019 WL 1620060, at *1–2 (M.D. Pa. 2019). In response, the Government filed a motion "to correct an error in the judgment that occurred when the amount of prison time imposed was later determined to not effectuate the intent of the Court because [of] regulations imposed on the BOP," and "to give [petitioner] the benefit of the agreement struck between the parties and the sentence imposed by the Court." *Hanrahan*, No. 2:11-CR-0119 (E.D. Ca.), ECF No. 328 at 1-2. The Government acknowledged that the parties had agreed that the entire state sentence of 13 years imposed in Monterey County would be served concurrently with the federal sentence. *Id.* Hanrahan agreed with the calculation but argued that he was not provided credit for good time that he would have earned in state custody. *Id.* at ECF No. 332.

The court granted the Government's Motion and issued a new judgment, adjusting Hanrahan's sentence from 375 months to 286 months and 17 days. *Id.* at ECF No. 337, 339. The district court stated that "[i]n granting this motion, the court expresses no opinion as to [petitioner's] arguments regarding his good time credits raised in his October 15, 2019 filing." *Id.* at ECF No. 337. The court also recommended to the BOP that Hanrahan "be imprisoned in custody with BOP to serve remainder of sentence in both State and Federal cases with custody credits beginning from 11/12/2006." *Id.*

Hanrahan asked the sentencing court to amend the judgment to specifically state that the adjustment was made pursuant to § 5G1.3(b) of the United States

2

Sentencing Guidelines so the BOP would provide him with certain credits. *Id.* at ECF No. 340. The court denied the request as moot stating:

> The letter requests that the court order a Section 5G1.3(b) adjustment to his sentence, but **such relief was already granted** by the court's October 31, 2019 order (Docket No. 337) granting the government's motion to correct defendant's sentence (Docket No. 328).

*Id.* at ECF No. 341 (emphasis added). Accordingly, the § 2241 petition was also dismissed as moot. *Hanrahan*, 2:19-CV-641 (E.D. Ca.), ECF Nos. 29, 30, 31.

Hanrahan filed a Motion for Clarification, renewing his request that the Court amend the sentence to specifically reference § 5G1.3(b). *Hanrahan,* 2:11-CR-00119 (E.D. Ca.), ECF No. 328. The court concluded "that its Order of October 31, 2019, and the ensuing Amended Judgment and Commitment, accurately reflect the court's intentions in imposing the sentence and require no further clarification." *Id.* at ECF No. 395. The United States Court of Appeals for the Ninth Circuit affirmed the ruling on February 15, 2022. *Id.* at 401.

Thereafter, Hanrahan filed another § 2241 Petition, which was transferred to this Court. ECF No. 1.

II.   <u>Law and Analysis</u>

Hanrahan asserts that proceeding with a § 2241 Petition in this Court "would be futile" because "only the court of conviction can resolve this error." ECF No. 16 at 6. To the extent Hanrahan does not wish to proceed with his case, he should file a motion to voluntarily dismiss.

Hanrahan's release date has been updated multiple times.[1]  If his request for additional credit is moot, he should advise the Court.

Finally, if Hanrahan believes this Court has jurisdiction over his computation claim, and the claim is not moot, he should amend the Petition accordingly. Hanrahan should indicate whether he requested administrative review after the Government's motion pursuant to § 5G1.3(b) was granted, and the sentence amended. *Hanrahan,* 2:11-CR-00119 (E.D. Ca.), ECF Nos. 339, 341.[2]  Hanrahan should file copies of any such requests and responses.

To the extent Hanrahan seeks "an adjustment of the judgment from the sentencing court," this Court lacks jurisdiction to grant the relief requested. 28 U.S.C. §§ 2255, 2241.

III. Conclusion

To determine whether Hanrahan wishes to proceed in this Court, IT IS ORDERED that he AMEND the Petition within 30 days of this Order.

---

[1] As of October 14, 2020, the BOP locator service listed Hanrahan's release date as August 20, 2034.  *Hanrahan*, 2:19-CV-00641 (E.D. Ca.), ECF No. 29.  The cite now shows a release date of September 30, 2033.

[2] "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (not designated for publication) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).  Exceptions only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review.  *Id.*

SIGNED on Tuesday, October 1, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE